UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LARRY ERWIN, JR.** | **CIVIL ACTION NO.:** _____ |
| **VERSUS** | **U.S. DISTRICT JUDGE:** _____ |
| **ANADARKO PETROLEUM** | **MAGISTRATE JUDGE:** _____ |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes **LARRY ERWIN, JR.**, a person of the full age of majority who is a resident of and domiciled in the State of Louisiana, who respectfully represents as follows:

I.

This matter is brought pursuant to 46 U.S.C. §30104, *et seq*., more commonly known as the Jones Act, general maritime law, unseaworthiness and maintenance and cure. Alternatively, the matter is brought under Louisiana law or §905(b).

II.

Made defendant herein is:

A. **ANADARKO PETROLEUM**, a foreign corporation registered to do and doing business in the State of Louisiana, and within the jurisdiction of this Court. Anadarko Petroleum Corporation is headquartered at 1201 Lake Robbins Drive, The Woodlands, Texas 77380, and can be served through its registered agent for service of process, CT Corporation Systems, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

III.

This claim arises as the result of an incident that occurred on September 9, 2014, and the resultant injuries sustained by claimant, LARRY ERWIN, JR.

IV.

On the aforesaid date, LARRY ERWIN, was employed by Intermoor Corporation, serving as a member of the crew of the McDermott D/B 50 (Derrick Barge 50), a vessel that was operated by McDermott, but chartered to Anadarko.

V.

At all pertinent times including, but not limited to, the time of the incident and injuries at issue, the McDermott D/B 50 was a vessel in navigation, in navigable waters, working for Anadarko Petroleum, who was decommissioning the Anadarko *Red Hawk*.

VI.

At the time of the incident and injuries at issue, the Anadarko *Red Hawk* had transformed from "platform" status, to "vessel" status; the *Red Hawk* had been ballasted down, mooring lines removed, it was not secured to the seabed, was free-floating, was capable of movement and was about to embark on a long voyage from Garden Banks Block 876 to Eugene Island Block 384, where it was scuttled.

VII.

At all pertinent times including, but not limited to, the time of the incident and injuries at issue, LARRY ERWIN was a seaman. Alternatively, he was a longshoreman.

VIII.

On the date of the accident, Plaintiff went to retrieve tools located on a sub-deck area of the spar *Red Hawk*. The area where the tool box was located was poorly illuminated, and ERWIN got caught up in the piping and wrenched his knee, causing injuries.

IX.

LARRY ERWIN was injured solely as a result of the negligence of, unseaworthiness of, defective condition of, and/or fault on the part of Anadarko Petroleum, its principals, agents, servants, employees and/or those for whom it was responsible at the time of the hereinabove described incident in the following non-exclusive particulars:

A. Failing to provide LARRY ERWIN with a safe place to work;

B. Placing LARRY ERWIN in a situation that it knew or should have known to be unreasonably dangerous;

C. Failing to warn LARRY ERWIN of a condition(s) which it knew or should have known to be unreasonably dangerous and/or present a risk of harm;

D. Failing to properly examine, inspect, repair, service, and/or maintain its spar and/or said spar's appurtenances to ensure that it/they did not contain any unseaworthy and/or unreasonably dangerous conditions;

E. Violating one or more applicable rules, regulations and/or standards;

F. LARRY ERWIN also invokes all legal presumptions and doctrines including, but not limited to, negligence *per se* for ANADARKO's violation of one or more rules, regulations, and/or standards, the violation of which caused and/or contributed to this incident and his resultant injuries and disability.

3

X.

LARRY ERWIN bears no fault in causing or contributing to this incident or his resultant injuries.

XI.

As a result of the injuries sustained by LARRY ERWIN in the accident at issue, he is entitled to recover damage including, but not limited to:

- A. Loss of wages, loss of earning capacity, and loss of fringe benefits; past, present and future;
- B. Physical pain and suffering; past, present and future;
- C. Mental pain and suffering; past, present and future;
- D. Disability, disfigurement and/or loss of enjoyment of life; past, present and future;
- E. Cure and/or medical expenses; past, present and future;
- F. Maintenance; past, present and future;
- G. Loss of found; past, present and future;
- H. Loss of household services; past, present and future;
- I. Any and all other general and/or special damages recoverable under the applicable law(s).

**WHEREFORE**, LARRY ERWIN, JR. prays that a copy of this complaint be served upon Defendant, ANADARKO PETROLEUM CORPORATION, and that after due proceedings are had, that there be judgment in favor of Petitioner, LARRY ERWIN, JR., and against the Defendant, ANADARKO PETROLEUM CORPORATION, in a sum reasonable in the premises together with legal interest from the date of the accident until paid and for an award of

maintenance and cure benefits, attorney fees, penalties, expenses of these proceedings and all costs of court, together with all other just and equitable relief, whether under state or federal law.

>Respectfully submitted,
>
>CRAIG A. DAVIS
>
>s/Craig A. Davis
>**CRAIG A. DAVIS**
>*A Professional Law Corporation*
>Bar Roll No. 23024
>111 Mercury Street
>Lafayette, Louisiana 70503
>Telephone:  337/231-5351
>Facsimile:   337/289-1219
>
>**ATTORNEY FOR LARRY ERWIN, JR.**

**PLEASE SERVE:**

**ANADARKO PETROLEUM CORPORATION**
Through its Registered Agent
CT Corporation Systems
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816